IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Criminal Action No. 7:06-cr-89 |
| v. ) | |
| ) | By: Elizabeth K. Dillon |
| TERENCE ALPHONSO PAUL ) | United States District Judge |

**MEMORANDUM OPINION**

Pending before the court is Terence Alphonso Paul's motion to reduce his sentence pursuant to Section 404(b) of the First Step Act of 2018. (Mot. Reduce Sentence, Dkt. No. 61.) The United States has filed a response, in which it acknowledges that Paul is eligible for relief under the Act and asks that his total sentence be reduced to 123 months, but no less than time served, and four years of supervised relief on Count One, to run concurrent with the supervised release term of Count Three, which should remain unchanged.[1] (Resp. to Mot. Reduce Sentence, Dkt. No. 65.) Neither party has requested a hearing, and defendant has expressly waived his right to appear in person. (Mot. Reduce Sentence 3.) For the reasons discussed below, the court will grant the defendant's motion but will not reduce his sentence below the time he has already served.

I. BACKGROUND

Paul was indicted on September 28, 2006, and charged with conspiring to distribute more than 50 grams of cocaine base, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A) (Count One); distribution of five grams or more of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B) (Count Two); using or carrying a firearm during and in relation to a drug trafficking

---

[1] Later in its response, the United States suggests that a four-year term of supervised release would be sufficient, but not greater than necessary, but incorrectly suggests that Paul is subject to the penalties under 21 U.S.C. § 841(b)(1)(C). (Resp. to Mot. Reduce Sentence 10.) As the recent Addendum to the PSR notes, however, the statutory penalties for Paul are governed by § 841(b)(1)(B) and impose a mandatory four-year term of supervised release.

crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i) (Count Three); and felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) (Count Four).

Paul pled guilty to Counts One and Three. (Dkt. Nos. 33–34.) All remaining counts of the indictment were dismissed pursuant to the plea agreement. (Dkt. No. 34.)

At sentencing, the court determined that Paul's base offense level was a 32, based on a drug amount of 126 grams of cocaine base. The court also determined that he was entitled to a three-level reduction for acceptance of responsibility. Accordingly, his total offense level was 29 and his criminal history category was III, which would have resulted in a guideline range below the statutory mandatory minimum of 120 months. Because of the statutory mandatory minimum, however, his guideline sentence on Count One was 120 to 135 months. *See* U.S.S.G. § 5G1.1(b). The court imposed a sentence of 120 months on Count One and the statutory mandatory minimum sentence of 60 months on Count Three, to run consecutively, to be followed by a 60-month supervised release term on each count, to run concurrently. (Dkt. No. 49.)

In 2009, Paul filed a motion for reduction of sentence pursuant to U.S.S.G. Amendments 9 and 706. (Dkt. No. 55.) The court denied that motion because the defendant had received the statutory mandatory minimum sentence, and the guideline amendments did not authorize a sentence below the statutory mandatory minimum. (Dkt. No. 57.)

## II. DISCUSSION

Paul, through appointed counsel, now seeks relief under Section 404 of the First Step Act of 2018. 115 Pub. L. 391, § 404, 132 Stat. 5194 (enacted Dec. 21, 2018); *see also* 18 U.S.C. § 3582(c)(1)(B) (authorizing courts to modify a previously imposed sentence "to the extent otherwise expressly permitted by statute"). Section 404 effectively makes the provisions of the Fair Sentencing Act of 2010 retroactive to defendants who were sentenced prior to August 3, 2010, and it allows—but does not require—district courts to reduce the sentence of a defendant as if the

sections of the Fair Sentencing Act were in effect at the time the defendant's offense was committed. *See* First Step Act § 404(c).

As the parties agree, Paul meets all the criteria to be eligible for a reduction under Section 404 of the First Step Act. Specifically, his offense was committed before August 3, 2010, and the statutory penalties applicable to his offense were modified by Section 2 of the Fair Sentencing Act, which "reduced the statutory penalties for cocaine base offenses" in order to "alleviate the severe sentencing disparity between crack and powder cocaine." *United States v. Peters*, 843 F.3d 572, 575 (4th Cir. 2016). As relevant here, Section 2 of the Fair Sentencing Act increased the quantity of cocaine base required to trigger the statutory penalties set forth in 21 U.S.C. § 841(b)(1)(A) from 50 grams to 280 grams.

Paul was charged in Count One with 50 grams or more of cocaine base, and not at least 280 grams. Thus, applying the Fair Sentencing Act retroactively to his case means he would no longer be subject to the statutory penalties of § 841(b)(1)(A) but would instead be subject to the penalties set forth in § 841(b)(1)(B). Under that provision, Paul's statutory sentencing range is five to forty years of imprisonment and at least four years of supervised release. The guideline range of imprisonment that now applies in the defendant's case is 60 to 71 months. (February 8, 2019 Addendum to Presentence Report, Dkt. No. 66.)

Upon review of the record, the court agrees with the parties that a sentence reduction is warranted in Paul's case. He has served approximately 149 months. Paul seeks a sentence of 57 months on Count One, plus the 60-month sentence on Count Three, which would allow him to "bank time" and "get credit for the time he has served that exceeds 117 months," with the Bureau of Prisons, but the United States objects to the imposition of any sentence below time served.[2] (Mot.

---

[2] In his motion, Paul asks the court to resentence him to 57 months, which is the low end of the sentencing guideline range yielded by the new offense level of 26 and a criminal history category of III. (Mot. Reduce Sentence 3.) However, the statutory mandatory minimum of 60 months sets the low end of the guideline range of imprisonment.

3

Reduce Sentence 3; Resp. to Mot. Reduce Sentence 7–8.) Having considered the sentencing factors of 18 U.S.C. § 3553(a), the court will reduce his sentence on Count One to a sentence of time served, to be followed by an four-year term of supervised release, but will not reduce his sentence below a sentence of time served.[3] In particular, the need to protect the public and the need for deterrence dictates that a defendant not be allowed to "bank time," which could allow him to commit further crimes without the fear of imprisonment. *Cf. Miller v. Cox*, 443 F.2d 1019, 1021 (4th Cir. 1971) ("[T]he availability of credits against sentences for future crimes would provide a sense of immunity and an incentive to engage in criminal conduct."). In all likelihood, similar concerns underlie the express prohibition on a court's reduction of a sentence below time served when reducing based on a sentencing guideline amendment. *See* U.S.S.G. § 1B1.10(b)(1)(C) (directing that a reduction in a term of imprisonment pursuant to a guideline amendment "[i]n no event may . . . be less than the term of imprisonment the defendant has already served").

The court also considers the need to avoid unwarranted sentencing disparities and the fact that other courts granting reductions under the First Step Act have reduced to sentences of time served, even where a defendant already had served more than the applicable guideline range. *See, e.g.*, *United States v. Jackson*, No. 5:03-cr-30093 (W.D. Va. Feb. 13, 2019) (refusing to reduce a sentence below time served); *United States v. Thompson*, No. 03-72, 2019 WL 460361, at *2 (W.D. Pa. Feb. 6, 2019) (noting that the defendant had already served at least 54 months more than the high-end of the guideline range, and reducing his sentence under the First Step Act to time served); *see also United States v. Fleurival*, No. 5:06-cr-41-4 (W.D. Va. Feb. 6, 2019) (denying defendant's request to be resentenced to a term of imprisonment less than time served).

---

[3] The United States asks that Paul be sentenced to a term of 123 months, consisting of 63 months on Count One and 60 months on Count Three, because a sentence below 60 months on Count One—as requested by the defendant—is not authorized by the First Step Act and because 63 months "is the percentage near the mid-point of the guideline range as his previous sentence." (Resp. to Mot. Reduce Sentence 1.) However, regardless of whether the court was to impose a 60 or 63-month sentence on Count One, the imposed sentence would still be less than time served. Thus, the court will impose a sentence of time served.

## III. CONCLUSION

For the foregoing reasons, this court will modify the defendant's sentence, under the First Step Act of 2018 and 18 U.S.C. § 3582(c)(1)(B), to a sentence of time served on Count One, to be followed by four years of supervised release. The sentence of 60 months on Count Three to run consecutively, followed by five years of supervised release to run concurrently, remains the same. An appropriate order will be entered.

The clerk is directed to provide a copy of this memorandum opinion and the accompanying order to all counsel of record, the United States Probation Office, and the United States Marshals Service, for delivery to the Bureau of Prisons.

Entered: February 22, 2019.

*/s/ Elizabeth K. Dillon*
Elizabeth K. Dillon
United States District Judge